UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. PAUL PHILO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LIMINOVA, INC., WALTER LIM, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Civil No. 13cv113-AJB (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 5) |

Defendants' filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) Plaintiff's first cause of action for fraudulent concealment and request for punitive damages. (Doc. No. 5.) The Plaintiff filed an opposition, (Doc. No. 10), and the Defendants filed a reply, (Doc. No. 11). For the reasons set forth below, the Defendant's motion to dismiss is GRANTED.

## *Background*

Defendant Walter Lim ("Defendant") is an officer, director, and shareholder in Head First, Inc. ("Head First"). (Doc. No. 1-1, ¶ 2.) Head First was owned by Defendant and Don Lewis. (*Id.*) After Don Lewis' death, Plaintiff A. Paul Philo ("Plaintiff") succeeded to Don Lewis' interest in Head First. (*Id.*)

Since at least 1971, Head First has been in the business of developing, promoting, and marketing "Top Coverage," a non-medicated head spray to cover bald spots and mask thinning hair. (*Id*. at ¶ 7.) The "Top Coverage" name and mark are registered with the United States Patent and Trademark Office ("USPTO") under Registration No. 1813335. (*Id.*) Head First has continuously and exclusively used the "Top Coverage" mark in commerce in connection with the advertising, promotion, and sale of its hair care products. (Doc. No. 1-1, ¶ 8.)

On or about January 2011, Defendant advised Plaintiff that Head First was going to discontinue manufacturing and marketing the "Top Coverage" brand of products due to environmental regulations concerning the use of propellants, and that Head First would need to be dissolved. (*Id*. at ¶ 9.) The Plaintiff wanted to purchase the "Top Coverage" trademark and name from Head First and attempt to find a new manufacturer and continue to develop and market the product in compliance with the environmental regulations. (*Id.* at ¶ 10.) Defendant Lim agreed and in February 2011, Head First assigned all interest and goodwill in the "Top Coverage" trademark to Plaintiff for valuable consideration. (*Id.*) The Assignment Agreement was signed by Defendant Lim as president of Head First, and duly recorded with the Patent and Trademark Office on or about April 8, 2011. (*Id.*)

Plaintiff alleges that while the parties were negotiating and entering into the Assignment Agreement for Top Coverage, Defendant Lim was already marketing the "Top Coverage" hair product through his company ("Liminova") under the name and mark "TC Plus." (Doc. No. 1-1, ¶ 11.) Like "Top Coverage," "TC Plus" was a head spray sold in spray cans to conceal bald spots and thinning hair. (*Id.*) The "TC Plus" label stated, "If you like . . . Top Coverage You will love TC PLUS," and featured before-and-after photos of a male scalp virtually identical to those used for "Top Coverage" labels. (*Id.*) Moreover, "TC Plus" was being advertised in various outlets as "Top Coverage TC Plus." (*Id.*)

On April 27, 2011, two months after the execution of the Assignment Agreement, Liminova filed a trademark application with the USPTO for registration of the mark "TC Plus," Serial No. 85306449, for goods defined as "Hair care preparation, namely, hair tinting spray featuring spray on, wash out hair tinting and thickening spray in a variety of hair colors." (Doc. No. 1-1, ¶ 12.) In February 2012, Plaintiff filed an opposition to Defendant's trademark application and Liminova subsequently abandoned the application. (Doc. No. 1-1, ¶ 13; Doc. No. 10, p.3:19-20.)

On December 10, 2012, Plaintiff filed the instant complaint in San Diego Superior Court. Defendants subsequently removed the case to this court and filed the instant motion to dismiss.

### ***Legal Standard***

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. The court only reviews the contents of the complaint, accepting all factual allegations as

true, and drawing all reasonable inferences in favor of the nonmoving party. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted).

### *Discussion*

Defendants' move to dismiss Plaintiff's first cause of action for fraudulent concealment and Plaintiff's punitive damages claims pursuant to Rule 12(b)(6). Defendants challenge the sufficiency of Plaintiff's first cause of action, for fraudulent concealment, on the grounds that Plaintiff fails to allege that any statutory, common law, or contractual duty exists requiring the disclosure of facts alleged to have been concealed by Defendants. (Doc. No. 5-1, p.3.) Defendants also contend that the Plaintiff fails to sufficiently plead an act of malice, fraud, or oppression on behalf of Defendants to support his claim for punitive damages under the first cause of action as required by California Civil Code § 3294 and Rule 8. (*Id*.)

### I.     *Fraudulent Concealment Claim*

In California, a claim for fraudulent concealment consists of five elements: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal.App.4th 830, 850, 100 Cal.Rptr.3d 637 (Ct.App.2009) (citations and internal quotation marks omitted). "Fraud or deceit may consist of the suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact." *Outboard Marine Corp. v. Superior Court*, 52 Cal.App.3d 30, 37, 124 Cal.Rptr. 852 (1975).

A cause of action for fraudulent concealment requires an allegation that the defendant owed a duty to disclose the concealed fact. *Levine v. Blue Shield of California*, 189 Cal. App. 4th 1117, 1126-1127 (2010). Where material facts are known to one party

and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties which gives rise to a duty to disclose. A duty to disclose arises between two parties where a fiduciary or confidential relationship exists between them,[1] or if there are other special circumstances which require disclosure.[2]  *See Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651, 226 Cal. Rptr. 509 (1986).  The special circumstances in which a duty to disclose may arise such that nondisclosure or concealment constitute actionable fraud are: (1) when a fiduciary relationship exists between the parties; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes a partial representation to the plaintiff while suppressing other material facts. *See LiMandri v. Judkins*, 52 Cal.App.4th 326, 336, 60 Cal.Rptr.2d 539 (Ct.App.1997). "The first circumstance requires a fiduciary relationship; each of the other three 'presupposes the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise.'" *Deteresa v. ABC*, 121 F.3d 460, 467 (9th Cir.1997) (quoting *LiMandri*, 52 Cal.App.4th at 336-37, 60 Cal.Rptr.2d 539);. *See LiMandri*, 52 Cal.App.4th at 337, 60 Cal.Rptr.2d 539 (holding the relationship must be transactional in nature, such as when parties form a relationship by entering into a contractual agreement).

Upon review of the complaint, the Court finds the Plaintiff has failed to sufficiently plead that Defendants owed him a fiduciary duty. The allegation of a fiduciary relationship must be supported by either a contract, or a relationship that imposes it as a matter of

---

[1] *Jones v. ConocoPhillips*, 198 Cal. App. 4th 1187, 130 Cal. Rptr. 571 (2011) (citing *Goodman v. Kennedy*, 18 Cal. 3d 335, 346-47, 134 Cal. Rptr. 375, 556 P.2d 737); *Shum v. Intel Corp.*, 630 F. Supp. 2d 1063, 1075 (N.D. Cal. 2009) (citing *Warner Constr. Corp. v. Los Angeles*, 2 Cal. 3d 285, 294, 85 Cal. Rptr. 444, 466 P.2d 996 (1970)).

[2] To the extent that Defendant argues that the language quoted from *Heliotis v. Schuman* is conjunctive, that is, requiring the existence of all four circumstances to give rise to a duty to disclose, the Court disagrees. (Doc. No. 11, p. 3.)  The Court finds the cited language from the *Heliotis* opinion to be disjunctive, as the court was merely quoting Witkin's California treatise on torts, which provides the various circumstances that would give rise to a duty to disclose.  The *Heliotis* court presents the four circumstances as a list, suggesting that the "and/or" used by Plaintiff in their Opposition (Doc. No. 10, p.4) was proper and not an attempt to mislead the Court.

law."³ The Plaintiff's complaint, however, fails to set forth any facts supporting the existence of a legally recognized fiduciary relationship. Plaintiff's complaint states that: (1) Defendant Walter Lim is an officer, director and shareholder in Head First, Inc., which was first owned by Defendant and Don Lewis; and (2) "when Don Lewis passed away, Plaintiff succeeded to Don Lewis' interest in Head First." (Doc. No. 1-1, ¶ 2.) The Plaintiff argues that as a director of Head First, Inc., Defendant Lim owed the Plaintiff a fiduciary duty as a shareholder. Plaintiff's argument fails, however, because the Plaintiff's complaint does not allege that he was a shareholder in Head First, Inc., it alleges only that he succeeded to Don Lewis' interest in Head First, Inc., without specifying nature of that interest. Furthermore, the Court fails to see how shareholder status would be relevant to the assignment of the Top Coverage mark, as the Plaintiff entered that arm's-length transaction as buyer, not as a shareholder.⁴ The Defendant was under no duty to make full disclosure to the Plaintiff if the transaction was at arm's-length.

The Plaintiff contends that Defendants' disclosure that he planned to dissolve Head First and discontinue manufacturing and marketing Top Coverage was a voluntary disclosure and constituted a partial disclosure, which created special circumstances imposing disclosure obligations. However, the Plaintiff has failed to plead any specific factual allegations that support an inference that Defendants' intent to develop a competing product constituted a material fact regarding the assignment of the Top Coverage mark. Furthermore, the Court notes that the Plaintiff has not presented the assignment or specifically referenced any of its provisions to support his allegation that Defendants development of a competing product somehow violated the terms of the assignment.

---

³ *City of Hope Nat. Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386, 75 Cal. Rptr. 3d 333, 181 P.3d 142 (2008) ("Before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law."); *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1558 (2007).

⁴ If the Plaintiff were acting simultaneously as both a shareholder and a buyer, the Corporations Code mandates that the transaction be approved by 90% of the shareholders, which did not happen.

Based upon the foregoing, the Defendants' motion to dismiss Plaintiff's fraudulent concealment claim is GRANTED.

## II. *Punitive Damages Claim*

In order to sufficiently plead a claim warranting an award of punitive damages, facts must be alleged in the pleading to support circumstances of oppression, fraud or malice. *Grieves v. Super. Ct.*, 157 Cal. App. 3d 159 (1984) (citing *G.D. Searle & Co. v. Super. Ct.*, 49 Cal. App. 3d 22, 29, 122 Cal. Rptr. 218 (1975)). Similarly, the terms "willful," "fraudulent," "malicious," and "oppressive" are the statutorily enumerated descriptors of the type of conduct which may sustain a cause of action for punitive damages. *Blegen v. Super. Ct.*, 125 Cal. App. 3d 959, 963 (1981) (citing Cal. Civ. Code § 3294). The unsupported allegation of an intentional tort is not sufficient in and of itself. *See Taylor v. Super. Ct.*, 24 Cal. 3d 890, 894, 157 Cal. Rptr. 693, 598 P.2d 854 (1979) (citing Prosser, Law of Torts (4th ed. 1971) § 2, at pp. 9-10). Further, fraud as a basis for punitive damages is defined by Section 3294(b)(3) as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury. Cal. Civ. Code § 3294(b)(3).

Plaintiff's Complaint states that Defendant "acted fraudulently, maliciously, and in conscious disregard of his rights." (Doc. No. 1-1, ¶ 20.) The Complaint fails to allege any facts to support this allegation. Based upon the foregoing, the Court finds that the Plaintiff has failed to meet the pleading requirements for a claim of exemplary damages. As such, the Defendants' motion to dismiss Plaintiff's punitive damages claim is GRANTED.

///
///
///
///
///

## *Conclusion*

For the reasons set forth above, the Defendant's motion to dismiss is hereby GRANTED without prejudice and with leave to amend.

IT IS SO ORDERED.

DATED: April 15, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge